IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01711-BNB

THERESA GARCIA,

    Plaintiff,

v.

ALVIN LaCABE,
DEPUTY SHERIFF KESSLER,
DEPUTY SHERIFF CASADOS,
DEPUTY SHERIFF GONZALEZ,
JANE DOES I Through X,
JOHN DOES, I Through X, and
BILL LIVINGIER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 9 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Theresa Garcia, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the La Vista Correctional Facility in Pueblo, Colorado. Ms. Garcia, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that her constitutional rights are being violated. Ms. Garcia seeks money damages and declaratory relief.

The Court must construe the Complaint liberally because Ms. Garcia is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Garcia will be ordered to file an Amended Complaint.

Ms. Garcia must assert personal participation by all named defendants. See

***Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Garcia must name and show how each individual caused the deprivation of a federal right. *See **Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See **Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See **Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Although Ms. Garcia has asserted what Defendants Kessler, Casados, Gonzalez, Jane Doe I, and Jane Doe II did to violate her constitutional rights, she has not specified the allegedly violative conduct of Defendants Alvin LaCabe and Bill Livingier. Defendants LaCabe and Livingier are not held liable merely because of their supervisory position. They must have personally participated in violating Ms. Garcia's constitutional rights. Ms. Garcia will be directed to file an Amended Complaint that alleges how all named defendant personally participated in the asserted constitutional violations.

Ms. Garcia also is instructed that to state a claim in federal court, she must explain in her Amended Complaint what each defendant did to her, when the defendant did the action, how the action harmed her, and what specific legal right she believes the defendant violated. ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

2

ORDERED that Ms. Garcia file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Garcia, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Ms. Garcia fails within the time allowed to file an Amended Complaint that complies with this Order, the action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED September 29, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01711-BNB

Theresa Garcia
Prisoner No. 108035
La Vista Corr. Facility
1401 W. 17th St.
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/29/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk