IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01711-PAB-MEH

THERESA M. GARCIA,

    Plaintiff,

v.

DENVER DEPUTY SHERIFF KESSLER,
DENVER DEPUTY SHERIFF CASADOS,
DENVER DEPUTY SHERIFF GONZALEZ,
JANE DOES I THROUGH X, and
JOHN DOES I THROUGH X,

    Defendants.

## RECOMMENDATION FOR DISMISSAL WITH PREJUDICE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, after discussion with Plaintiff on the record at the March 14, 2011 preliminary status conference. For the reasons stated below, the Court **recommends** that Plaintiff's Amended Complaint be **dismissed with prejudice** as barred by the applicable statute of limitations.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the

The Prison Litigation Reform Act provides that, at any time, the Court may dismiss an action that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal on the ground that a claim is barred by the statute of limitations is reviewed under the Rule 12(b)(6) failure to state a claim standard because a statute of limitations defense is not jurisdictional. *Day v. McDonough,* 547 U.S. 198, 205 (2006); *Marten v. Godwin,* 2009 WL 2475257 at *2 n. 8 (D. Kan. Aug. 12, 2009). The Tenth Circuit "made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). "A Section 1983 action 'accrues when facts that would support a cause of action are or should be apparent.'" *Id*. (quoting *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)).

Plaintiff filed her first motion to proceed *in forma pauperis* on July 12, 2010, and her initial complaint on July 20, 2010. (Dockets ##1, 4.) Both documents are dated as executed by Plaintiff on July 8, 2010. The Court accepts this date, July 8, 2010, as the date Plaintiff commenced this action for purposes of the statute of limitations evaluation. *See Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994) (citing *Houston v. Lack*, 487 U.S. 266 (1988)) ("a prisoner's notice of appeal is 'filed' when it is given to prison authorities for mailing to the district court"). Therefore, any event complained of by Plaintiff accruing before July 8, 2008, is outside of the applicable statute of limitations period.

As described in her Amended Complaint and as stated by Plaintiff on the record on March 14, 2011, the event giving rise to this lawsuit occurred on January 5, 2008. (*See* docket #25 at 5.)

---

Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

On the record, Plaintiff informed the Court that she initially filed a lawsuit in 2008 and again in 2009. Both cases were dismissed without prejudice for Plaintiff's failure to prosecute. *See* Cases No. 08-cv-02622-ZLW (docket #7), No. 09-cv-02323-ZLW (docket #10).

Even though Plaintiff initiated the two earlier cases within the statute of limitations, "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." *Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) (citing *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994)). Thus, the lawsuit at hand does not relate back to the first suit filed by Plaintiff and is outside of the statute of limitations by approximately six months.

Moreover, application of the equitable tolling doctrine produces no different result. "The doctrine of equitable tolling may save plaintiff's claims from a statute of limitations defense, but under Colorado law, courts rarely apply the doctrine." *Fogle v. Slack*, No. 05-cv-1211-KHV, 2010 WL 2757374, at *2 (D. Colo. July 13, 2010) (citing *Escobar v. Reid,* 668 F. Supp. 2d 1260, 1272 (D. Colo. 2009)). Equitable tolling is limited to situations in which (1) defendant has wrongfully impeded plaintiff's ability to bring the claim or (2) truly extraordinary circumstances prevented plaintiff from filing her claim despite diligent efforts. *Id*. (citation omitted). There is no indication of either situation in this matter. In fact, it is clear to the Court that Plaintiff did not diligently pursue her claims, as her two previous lawsuits concerning the January 5, 2008 event were dismissed without prejudice due to her failure to prosecute.

Accordingly, the Court **recommends** the Amended Complaint be **dismissed with prejudice** as barred by the applicable statute of limitations.[2]

Dated at Denver, Colorado, this 15th day of March, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] The Court additionally notes that service has not been timely completed. Fed. R. Civ. P. 4(m) allows 120 days for service. 120 days from July 8, 2010, was November 5, 2010. The U.S. Marshal Service attempted service on the three named defendants; however, two defendants are no longer employed by the Denver Sheriff's Office, and the third defendant was not adequately identified by Plaintiff. Plaintiff has not cured these deficiencies, nor has she requested an extension of time in which to do so. In the alternative to dismissal with prejudice based on the statute of limitations, the Court recommends **dismissal without prejudice** for failure to timely effect service.