IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01711-PAB-MEH

THERESA M. GARCIA,

     Plaintiff,

v.

DENVER DEPUTY SHERIFF KESSLER,
DENVER DEPUTY SHERIFF CASADOS,
DENVER DEPUTY SHERIFF GONZALEZ,
JANE DOES I THROUGH X, and
JOHN DOES I THROUGH X,

     Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 48] filed on March 15, 2011.  United States Magistrate Judge Michael E. Hegarty recommends that this case be dismissed with prejudice as barred by the applicable statute of limitations.  On March 29, 2011, plaintiff filed a motion requesting dismissal with prejudice [Docket No. 49]; however, the content of the motion clearly indicates plaintiff seeks a dismissal without prejudice, as plaintiff states she needs more time to prepare her case and refile.  In light of plaintiff's pro se status, the Court construes this motion as an objection to the magistrate judge recommendation that the case be dismissed with prejudice.

However, plaintiff's motion does not address the magistrate judge's finding that it is obvious from the face of her complaint that her action is barred by the statute of limitations and therefore may be dismissed *sua sponte* under the Prison Litigation

Reform Act, 42 U.S.C. § 1997e *et seq*.  In the absence of an objection to a recommendation, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  In this matter, the Court has reviewed this portion of the recommendation to satisfy itself that there is "no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Plaintiff initiated this action in July 2010, bringing three claims pursuant to 42 U.S.C. § 1983.  The injuries she alleges occurred on January 5, 2008.  Docket No. 25 at 5.  This suit is, therefore, clearly barred by the two year statute of limitations period applicable in § 1983 actions in Colorado.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006).  Nor, as the magistrate judge explained, is there any reason to believe that equitable tolling is appropriate in this case.  Therefore, the Court agrees with the magistrate judge that dismissal is proper in this case.

Plaintiff's request that the dismissal be without prejudice is also unavailing. Plaintiff urges the Court to dismiss her case without prejudice to give her time to locate and serve two of the defendants, as well as file a motion for appointment of counsel. Nothing in plaintiff's motion suggests that a dismissal of this action without prejudice will

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. *See* Fed. R. Civ. P. 72(b).

allow her to cure the statute of limitations defect.  In light of the fact that plaintiff filed two earlier cases alleging the same claim, each of which was dismissed without prejudice for failure to prosecute, *see* Cases No. 08-cv-02622-ZLW, No. 09-cv-02323-ZLW, the Court finds that dismissal with prejudice is appropriate here.

Accordingly, it is

**ORDERED** that the Recommendation for Dismissal With Prejudice [Docket No. 48] is **ACCEPTED**.  It is further

**ORDERED** that this case is **DISMISSED with prejudice** as barred by the applicable statute of limitations.


DATED April 1, 2011.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge